Okay, we'll go to the final case of the day, United States v. Redd, and we are prepared to hear from you, Mr. Patel. Good morning, Your Honors. It's good to see you. In this case, at issue is whether Maryland first-degree assault qualifies as a violent felony under the ACCA. It does not. Maryland first-degree assault is an indivisible offense with alternative means, including, one, assault with intent to cause serious physical injury, and, two, assault with a firearm. As the Board of Immigration Appeals held, one of these means, assault with a firearm, can be committed with the reckless use of force. And, therefore, first-degree assault categorically fails to qualify as a violent felony. Do we need to decide the divisibility or indivisibility issue? Your Honor, you do not, technically, because even if the Shepard documents could be considered here, I think everyone agrees that they don't reveal the modality. But we ask this Court to resolve it because this issue comes up all the time in Maryland, and so it would be helpful to the District Court. So if I could speak to the divisibility issue, I would do that. That would be great, Your Honor. So it's important here to first start with Mathis, Your Honors. In Mathis, the Supreme Court said that a statute is only divisible if, under state law, the jury is required to unanimously select one phrase to the exclusion of the other within a statute. Only then do we have alternative elements. The other really, really important point in Mathis, very important, the Supreme Court said that, and made this explicit, that if, under state law, a charging document is not required to specify one phrase to the exclusion of the other, then we definitively know that these phrases are means because elements must be alleged in the indictment. The Court said a statute may itself identify which things must be charged, and so are elements, and which need not be, and so are means. So when we apply this law here, Your Honor, there's three reasons why this Court should find that first-degree assault is indivisible. So first, starting with the charging statute, Your Honors, 3206, that tells us everything. That statute does not require the indictment to specify the modality of first-degree assault. So in Maryland, an indictment suffices with boilerplate language that the defendant committed a first-degree assault. And, Your Honor, there's a Court of Special Appeals decision that is exactly on point and says exactly that, and that's State v. Hallahan, 121 Atlantic 3rd, 233. In that case, the defendant specifically argued that the indictment for first-degree assault was deficient because it didn't identify the modality, and the Court of Special Appeals said, no, it's sufficient because it complies with our charging statute 3206. So that in and of itself tells us that's an authoritative source. It's easy here. That tells us we have means and not elements, Your Honor. And it's telling that the government says nothing at all about this in the response brief, Your Honor. But, Your Honor, we have more than that. When we look at the pattern jury instructions, they also tell us that we have an indivisible offense here. The pattern jury instructions, which are given on a daily basis, do not require the jury to find one modality to the exclusion of the other. And, Your Honor, actually, the commentary to which the government cites is helpful to us because in the commentary, the court says, yes, a trial court should submit a special verdict form so that a jury can identify the modality only when the defendant is charged with first-degree assault and an additional use of a firearm in connection with a felony. So the court is saying that the court doesn't always have to submit the special jury verdict, and that means it's not an element because in Mathis, an element means something that always a jury has to identify unanimously. A modality is not chameleon-like where sometimes it can be an element and sometimes it can be a mean. And, Your Honor, Judge Diaz, you gave us a great decision, U.S. v. Royal. That case is directly on point, too. In that case, the court found that second-degree assault was indivisible exclusively relying on the pattern jury instructions, which, like here, did not require the jury to unanimously select one phrase, physical harm, to the exclusion of the other, offensive touching. That's not all we have. We also have even more law, Your Honor, in Dickerson v. State. The trial court did not require the jury to unanimously select one phrase to the exclusion of the other, and the Maryland Court of Special Appeals said that that was a correct statement of the law. And in Dickerson, same thing. The jury was not required to unanimously select one phrase to the exclusion of the other. Now, in that case, the court of appeals did recommend that the trial court submit a special verdict form for the jury to identify the modality, but a recommendation means it's not an element because, again, an element is something that has to be submitted to the jury, and the jury has to unanimously select all the time. But, Your Honor, even if you find that there's ambiguity here, we win because that means the government has not met its burden to prove with certainty that the statute is divisible. Mr. Patel, could I ask a question about the example you gave of a defendant charged with both first-degree assault and the use of a handgun in the commission of a defense? So in that case, you concede that the court could send back to the jury a special verdict sheet that would identify the particular modality. But that still would not necessarily make that specific conviction. It still wouldn't satisfy the requirements because it's the least culpable version of the offense that we look at. Is that right? Yes. Yes, Your Honor. Okay. Absolutely. And like Judge Quattlebaum said, you do not have to reach this issue. We would ask that you do reach this issue to give us guidance. This comes up all the time in district court, and so it would be helpful. But, again, you do not have to decide the issue because the documents, the government, it doesn't appear that they're even saying they identify one modality versus the other. So this court would have to assume that Mr. Redd was convicted of the least serious or the non-qualifying, which would be assault with a firearm. And that brings me to why the firearm means a first-degree assault fails to qualify as a violent felony. This court should follow the lead of the Board of Immigration Appeals for all the reasons noted there and even more. So, Your Honor, starting with the pattern jury instructions, they explicitly say that assault with a firearm can be committed recklessly. And this is really important, particularly in Maryland, because in Maryland the Court of Special Appeals have said over and over and over again that trial courts are strongly encouraged to follow the pattern jury instructions because they're created by distinguished jurors who are the who's who of the Maryland bench and bar. So we can safely assume that every day on a routine basis, juries are being instructed in Maryland that assault with a firearm can be committed recklessly, Your Honor. Counsel, can I stop you there? And I appreciate the law in Maryland that says that and the relevance of the instructions. But it seems like there's a couple, you can look at this one of two ways. One is, I would say, kind of mechanical, which is secondary assault can be committed recklessly. First-degree assault with a firearm incorporates that. You just have to use a gun, so it's got to be in there. It's kind of a mechanical sort of thing. You put these two together, that's still there. The other question is whether the addition of, with a firearm, effectively takes away the manner in which that crime could be committed recklessly. And so assume that we are looking at it in the second way, that we've got to give some qualitative analysis of the aggravator to see if it eliminates the way it could be created recklessly. How does it not do that? How can you commit first-degree assault with a firearm in a way that is reckless? So, Your Honor, there's so many cases where this court has held that assault with a dangerous weapon can be committed recklessly. And it's very easy here, too. If somebody is mishandling a firearm, you know, recklessly, like it's a loaded gun and just playing around with it and it misfires, that's a reckless use of a firearm. And that should be criminalized, Your Honor. I think the government wants to make Maryland a more dangerous place by saying that shouldn't be criminalized. So that happens every day. So this is not something that's unique. We're not asking the court to go out on a limb, Your Honor. And, in fact, there's another case I wanted to point to. I cited to this in my brief, but I really want to talk about it in a more clear way. And that's the Marland case, because that confirms that Maryland first-degree assault with a firearm can be committed recklessly. So in that case, Your Honor, the Court of Special Appeals held that reckless endangerment is not a lesser included of assault with a firearm because assault with a firearm requires even a lesser mens rea than recklessly. I don't mean to cut you off, but don't the pattern and instructions say it can't be committed accidentally? Yeah, Your Honor, but that's talking about, like, civil negligence. There has to be more than accidental. So there has to be gross negligence or with recklessness, Your Honor. So accidental. Yeah, so accidental doesn't count, but between that and intentional there's conduct that you say would apply. Yeah, so in the Court of Special Appeals decision, they said reckless endangerment requires a conscious disregard of a substantial risk of serious physical injury, but they said assault with a firearm does not. And so if you look at the pattern jury instructions, and there's also a case called State v. Frazier, that tells us that there's a lesser mens rea required for assault with a firearm. It only requires conscious disregard of a consequence to another. So it doesn't require the consequence doesn't have to be risk of serious physical injury. So, for example, if I'm just twirling a gun that's unloaded, like on my finger, right, and somebody is sitting next to me and it just happens to fly off and, you know, tap somebody on the leg, that can't be reckless endangerment, but that can be assault with a firearm, which has a lesser mens rea than even reckless endangerment. And, Your Honor, it's not only Marlin v. State. We also have the Williams decision. It's a Court of Appeals decision in which the jury was explicitly instructed that the firearm assault could be committed recklessly. And the Marlin Court of Appeals said that's a correct statement of the law. We have State v. Watts, another decision by the Court of Special Appeals where the jury was instructed the same and the court approvingly cited to those jury instructions. Your Honor, the BIA also cites the Holmes and Middleton, which even further confirm that assault with a firearm doesn't require the additional specific intent to cause serious physical injury. So, Your Honor, for all these reasons, we ask that you find that Marlin assault with a firearm can be committed recklessly and therefore fails to qualify as a violent felony. If the court doesn't have any further questions, then I'll rest for now. Thank you. Thank you, Mr. Patel. We will hear from Mr. What's your name again? Medinger? Medinger, Your Honor. So, good afternoon, Your Honors. Jason Medinger on behalf of the United States. Your Honors, first-degree assault is a violent felony under the ACCA. It does require an intentional mens rea. It can't be committed recklessly, and it does require violent physical force. I'd like to start with the issue of divisibility. To your question, Judge Qualobam, I actually agree with my colleague. I don't think you have to decide it here, but you certainly could. And if you did, it's very clear under Maryland law that this is a divisible statute. Everything about it screams divisibility. You have separate sections. They're in the disjunctive. Maryland case law Dickinson v. State said the use of the firearm was itself a legal element. And, you know, we have to look at Discamps. Discamps says divisibility rides on elements. And here the jury has to find did this individual have a gun to reach the B-2 varietal. The other thing that Maryland law says, this is Dickinson v. State, that the assault statute is a multipurpose statute, and it goes on to explain exactly what that means. It says when we have a multipurpose statute, we have to treat all of the subdivisions as essentially separate offenses. That is right from Maryland law. And I appreciate that. There's a recent case, State v. Ride or Ride v. State, that I thought, you know, kind of was supportive of the government's position there. But, you know, your colleague has these cases where, you know, they cite the pattern jury instructions which don't require specification, talks about the charging documents. Those two things, it's hard for me to tell. It seems like there's stuff both ways on that. I mean, what about those cases? Right. So I think where he's wrong is he's confusing special verdicts with elements. And whether you send special verdicts or not I think is immaterial to this process. What elements are they charged with? And if you look at, you know, a lot of times the instructions will include a number of varietals in terms of how this crime can be committed. But the jury does have a unanimity requirement. They don't have to fill a special verdict form in every case, even though the Supreme Court of Maryland said you should. But in my view, when the Maryland Court of Appeals says this is an element, we have to believe them. And they said it expressly in Dickerson, this is an element. And I think that's where the analysis stops. But even if we get past it. Do the jurors have to agree unanimously on what that modality is? So, Your Honor, there is, as I understand it, in Maryland pattern jury instructions that there does have to be a unanimity requirement. But, again, there's no special verdict requirement. And that's the teasing out that I would do of the difference that we're talking about here. But you say there has to be unanimity on the different way you commit it or that there was a violation of the overall statute? The latter, Your Honor. Yeah. How does that help you, though? I don't understand. Well, it helps us, Your Honor. Again, my focus of my argument is what does Maryland law say? And they're saying the firearm or the intentional causing of serious physical injury is an element. And the jury has to find it. And it makes, I think, some logical sense in the sense that, you know, when you're talking about the firearm modality, it's different than the serious injury modality. And so we need a jury to find that as a matter of fact. Did the person have a gun or did they not? And as we talked about in a couple cases with my colleague, that actually matters when you have these other crimes where you have the use of a handgun. That becomes an element because you could be, you know, convicted of one but not of another. And is one a lesser included or not? So I think really my argument is Allen discounts what is or isn't an element. And I think Maryland law is clear that it is. But as we said, we ‑‑ Well, let me just follow up. I'm sorry to get stuck on this. I want to make sure you have time on your other issues. But I'm struggling with ‑‑ I get the cases that Dickerson and another one that talks about an element. But if you're charged with violation of assault in the first degree under Maryland Section 3‑202 and the jury returns a verdict that says we're unanimous, we convict on that, we don't know what it was for, right? Absent a special verdict, you do not, Your Honor. And I'll say, like, in the jury instructions, you know, the government has to put on proof to sort of trigger certain jury instructions. And so if we put on proof that a gun was involved, and we'll talk about Mr. Redd's situation and example where he pistol whipped the man, that could probably be both. It could be B1 or B2 because he used a firearm, but he certainly caused serious physical injury. I think in that instance, when the government puts on evidence that a firearm is involved, the jury gets the instruction as to B1 and as to B2. But the whole point of the ‑‑ And they don't reach a special verdict. The whole point of this, no, I'm sorry to interrupt you, but the whole point of the categorical analysis is that you don't look to what the defendant did. I grant you he pistol whipped somebody, but we're now deciding whether or not that offense at its most, its least culpable level amounts to a violent felony for purposes of the ACCA. That's an entirely different analysis. Right. And I'm not quarreling with you at all on that, Your Honor. We do look at it categorically. Again, I'm just trying to take Maryland law. They say it's an element. I think we should respect that, and that's where it stops. Which approach do we use? Are you saying that we are not, because you don't want to deal with the divisible, indivisible one approach, you said we can decide it. If it's not a categorical approach you're using, what are you using? Well, that's the approach I'm using. If you do reach this issue, you have to look. Judge Diaz was addressing that. When you go into special verdicts and all that, that's one thing. But the question is, if it's categorical, then we look to the least one in there. We don't look at what he actually did. That's accurate, Your Honor. So, again, how does that help? Well, again, it helps. It helps me, Your Honor, because on the divisibility analysis, if we have to figure out are these elements or are they means, my point is Maryland Court of Appeals has told us they're elements. And that's, I think, dispositive of the issue. Under aparesio soraia, we have to look at what does the Maryland courts say about it. So we have no means of knowing the modality that was here, I take it. Nothing in the documents show that. In these cases? Yeah, in this case. I'll concede we do not, Your Honor. Again, the 1996 assault could be either. The one in 2000 where he committed the assault in prison, that's under a different statute. If you look at it categorically, I would say there is no ability to say which modality it was. The statute doesn't say. Granted, you're not supposed to have firearms in prison, but I'm not going to go there. Categorically, A6 doesn't really speak to that. But as Judge Quattlebaum might have suggested, it could be all academic if this court finds B2 does satisfy the ACCA requirements, too. And here again, I would rely very much on Maryland state law. And we have two opinions from the highest court in Maryland, which is now the Supreme Court of Maryland. We have the Hale case and we have the Dixon case. And they say expressly, first degree assault is a specific intent crime. Full stop. Hale in which one? Dixon, Your Honor. Okay. That's also repeated in two intermediate appellate court decisions. That's Chilcote and Williams. And they also say exactly the same thing. Maryland, first degree assault. But Hale and Chilcote were talking about B1, weren't they? Your Honor, I don't believe they were. And this might be a point of contention between myself and my colleague, but they didn't say only B1 is a specific intent crime. They did not. They said first degree assault is a specific crime, period. But maybe. You probably know the cases, I'm sure, better than me. But when I looked at those, we looked at them, it seemed like that language may be there, but when you look at the case as a whole, it's talking about B1. And the one that wasn't was Williams, which was, you know, seemed to be talking about B2, but it was unpublished. And so I may be wrong on that. I mean, if you think if Hale is not a B1 case, you know, I'm certainly interested in that, but I read it to be a B1 case. And I guess, Your Honor, my point is, and what we're trying to glean from, is we're trying to look to state law. We're trying to respect state law. And this is what they've said unequivocally, first degree assault is specific intent. I agree with you that there is no case, none of us, myself or my colleague over here, has a case which expressly says B2 is a specific intent crime. We don't have that. But we have to look to what the Maryland Court of Appeals did say, and it did say it's a specific intent crime. The other thing that I'll sort of transition. You were saying from hence, at least from henceforth from that, you would never charge anyone under B2 unless it was a specific intent. Prove. It's accurate, Your Honor. Because, again, if we're going to do that, if we have. . . Anybody who's been convicted under might have them a Havis petition somewhere hanging out there. Well. On a lesser level of intent. I just say they might because you just said they could not be convicted under. I think that's the most accurate statement of the law, Your Honor, and I'm just trying to get it right. I'm not worried about Havis petitions. My view of the best and most accurate statement of Maryland law is that first degree assault is a specific intent crime because none of the other statutes make sense if you go to where the defense wants you to go. There's no room for second degree assault under their theory. There's no room for reckless endangerment. They all just kind of jumble together, and you can have prosecutors making the decision, oh, I'm going to charge this reckless crime for first degree assault and really ring the bell on a higher statutory maximum for conduct that really is reckless and should be down the rung. When they said that, I grant you they didn't say they were only talking about B1, but the modality at issue in the case was B1, right? I think that's accurate, Your Honor. But that brings me to my next point, which is a great transition. We talked about the Maryland Court of Appeals decisions, Hale and Dixon. There are two Maryland intermediate Court of Appeals decisions that do specifically talk about B2, and those are Jenkins and Jones. And now both of those opinions, after they came out, were later vacated by the Maryland Court of Appeals on other grounds. But those said expressly that when you have a B2 varietal, the use of a firearm is something that we get specific intent from. Vacating meaning vacate is an interesting word. When you vacate something, it never happened. So you're saying vacate it except for that part. No, Your Honor. So they vacated that opinion, and so to your point, well, go on. But the question is, is it nothing? Because there's something in it that we ought to preserve. Correct. And it didn't seem to follow too well. Well, I think, Your Honor, we're looking for statements of, and this Court is struggling with what is B2, B2 specific intent. And we have to look to Maryland, and so the only thing that any— No problem with that. I'm just having a problem with the use of the term vacate it. When you vacate something as opposed to reverse, it's a jurisdictional thing. You vacate it. It's gone. It's like when you bring something on bonk to this Court here, you've got an underlying opinion there. It's vacated. Gone. Then we don't typically like to be hearing arguments about something that doesn't exist. Even if it has something nice in it you'd like to bring up. What you're saying is it's almost like having, well, these judges had that opinion. We'd like for them to come in and give their opinion on a matter that was no longer in controversy. So that doesn't—that's not a good taste. But proceed if you want. It's gone but not forgotten. Well, right. And I guess, Your Honor, you know, so the question is then, I mean, what do we have? And I'll say, you know, as an advocate, this is what we have. We have a statement from a Maryland court of appeals speaking to the very issue that we're trying to consider here, and my argument is it's not nothing. It's not zero. They had somebody look at B-2, and they said B-2 evinces a specific intent because we can infer specific intent through the use of the firearm. And obviously we've cited a bunch of other cases that say that, too, generally in Maryland law. And so I guess that's our point. You know, if we're trying to respect what the states have said, we can't just bury our heads in the sand and assume that Jenkins and Jones just never existed and that we'll just pretend that they didn't happen. In the two cases that were vacated. Yes. We can't assume they never existed when they vacated them. Because they are accurate statements of Maryland law. They should have left them on the books. They could have said vacated except for such and such or, you know, in part. I don't want to beat it to death, but, I mean, when you say you can't assume they didn't do it, when they vacate, that's the meaning of the word. Can I move a little further down in a couple areas that I think help this decision and help us get a little closer? Before you do that, just so I understand your position, are you saying that a defendant in Maryland can't be convicted of recklessly firing, using a firearm to assault somebody, that that's not a first degree assault under Maryland? It's not a first degree assault. That would be a second degree assault or reckless endangerment. And there's no case that you know of that has actually upheld a conviction under those facts where someone, for example, fires a weapon into what he or she thinks is an unoccupied apartment or a house or something like that and ends up injuring somebody. That's, I would think, pretty reckless. Under Maryland, that's not a first degree assault. Right. So the case that I think you're thinking of, Your Honor, is actually Snyder v. State. Those were first degree assault and second degree assault. And I just read it very recently. But I'll say what they said there is that the jury could have inferred from the act of shooting multiple rounds that they intended to cause immediate physical harm. So in my view, if you read Snyder v. State, they're reading the same kind of specific intent that I'm talking about, and that is a use of a firearm. It's shooting into an unoccupied house. I think there's intent there. I know you said it's reckless. It's that, too, but it's more than that. And I think the case in Snyder said what we're saying, that it's a specific intent crime. The other thing is reckless. If you said reckless, it would reduce it to a second degree. Correct. But you've got facts that support both, and you think that without specifying which one a jury would find, you're just finding guilty under the greater one. Well, Your Honor, I guess it all depends on how it's charged. But in Snyder, if memory serves, there was a first degree assault conviction, if memory serves. But the other points that we have here, and again, I think we're all just trying to get it right and see what Maryland first degree assault is. The Maryland legislature has deemed it to be a crime of violence, and I know in the United States v. Battle case, this court found that that to be, quote, strong evidence of the fact that this also should be considered a specific intent crime. Battle was about a predecessor to this crime. It was assault with intent to murder. That assault with intent to murder later went into this statute that we're talking about here. The other thing that we have is we certainly have a number of other decisions that talked about this issue. United States v. Hite from the D.C. Circuit. Were any of those post-Borden? No. No, Your Honor. We also would suggest to the court that the way to not do violence to the Maryland statutory scheme is to rule for the government here. Again, it's hard to look at that statute and put a reckless mens rea into the first degree assault statute because it just then is dissonant with what second degree and reckless endangerment should be. The last thing I'll mention is even if this court had some belief that there is some recklessness there, we would still stand on the argument that it's extreme recklessness because you have to have some daylight between, again, second degree assault and first degree assault. If it's recklessness, you're going to have extreme recklessness under the first degree assault varietal, and that's United States v. Manley. This court looked at the Virginia aggravated assault statute and found even if there's some debate about whether recklessness applies, it's an extreme recklessness, and I think that would be indicated here. Counsel, just looking at the statute, if the B-1 obviously expressly uses intentionally. B-3, which came later, does, too. B-2 doesn't. I know you made the argument that the fact that those two provisions use it suggests it must apply to B-2. The flip side of that is they knew how to put those words in there and they didn't. I guess I'm trying to, anyway, from just reading the statute standpoint, it seems odd to me that you got intentionally expressly in 1 and 3 and not in 2, and we don't make something of that. Your Honor, I'm really glad you asked that question because it gives me the chance to say what I'm about to say, and that is we have to assume that the Maryland legislature knew what the law was when it was recodifying B-1, B-2, B-3. They knew what the law was, and what they knew was that in Maryland, the use of a firearm is a specific intent crime. We infer specific intent simply by the use of that firearm, so therefore we as a legislature, we don't have to put intentional in there. Everybody knows Hale, Dixon, all these other cases, first degree assault is a specific intent crime. We don't have to go back and put that in there. I take Your Honor's point that it's not there, but again, we have to presume that Maryland knows what it's doing and didn't sort of accidentally put a reckless crime amidst two other intentional ones. It just doesn't make sense. So that's my argument, Your Honor. I'm a little over my time. Unless there's any further questions, I'll rest. Thank you, Mr. Mattingly. Thank you, Your Honor. Thank you. Just a few points. So on divisibility, addressing the government's argument that sometimes the courts refer to the modalities as elements or separate offenses, that doesn't matter here, Your Honor, because from the birth of the categorical approach, we know that state labels don't matter. What we give deference to is the substance of state law, and the substance of the state law tells us that the jury is not unanimously required to select one phrase to the exclusion of the other and that the indictment does not have to specify the modality. There is a case that I want to point the court to on that point. It's a Fifth Circuit case, U.S. v. Herald, where the Fifth Circuit, the conservative Fifth Circuit, found that a Texas statute was indivisible, even though Texas courts had referred to the alternative phrases as elements, because in substance they were means. Because when you looked at the case law like we have here, it was clear that the jury wasn't unanimously required to select one phrase to the other. So what the court said that was helpful there is that sometimes states imprecisely refer to means as elements, and so that's what we have going on here. But what we have to give deference to is the substance of state law. So the other thing, Your Honor, I wanted to point out is the government is absolutely wrong about Hale v. State, Dixon v. State, and Chilcote v. State. Frankly, it's a sleight of hand. When you read those cases, they expressly refer to the injury modality, not to the use of firearm modality. Even in the unpublished case, Judge Quattle v. Williams, there's a parenthetical that refers to Marlin when it's talking about the injury modality. So it is just, it's really absolutely wrong for the government. It's misleading to say that those cases were about assault with a firearm. They absolutely were not. And then Snyder v. State. Again, the government's misleading on that case. In that case, the defendant, the issue was whether the first degree assault was accomplished by an attempted battery version of second degree assault. Yes, attempted battery does require an intent to inflict force, an intent to attempt to inflict force. But that's not what we're talking about here. The version of second degree assault that makes use of a firearm reckless is the battery version. And that can be committed recklessly. So again, the government is mischaracterizing Snyder v. State. The government says that because Maryland calls assault with a firearm a crime of violence, we should too. U.S. v. Procter rejected that specific argument. Whether or not something qualifies as a crime of violence is determined by the federal definition. And so if under the federal definition it's not a crime of violence, who cares what the state labels it. And then one last point I wanted to make, Your Honors, is that the government's argument would actually render assault with a firearm superfluous. If it required the same intent as the injury modality as the government says it does, then what would have been the point of even putting the assault with a firearm prong into the statute? The legislature would have had no reason to do that because it would have been subsumed under the first prong. Would that same argument apply to 3, v. 3? Yeah, I mean, there you have strangulation, Your Honor. I mean, you could make the same thing that's superfluous too. And, you know, it presumes all legislatures act with perfect consistency. Right. And, Your Honor, beyond that too, like sometimes there is some overlap. We do have the case law. We do have the pattern jury instructions that confirm our point. So thank you, Your Honors. Thank you, Mr. Patel. Thank you, Mr. Mettinger. We'll come down and greet counsel, and the court will adjourn until tomorrow morning. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: James Andrew Wynn, Albert Diaz, A. Marvin Quattlebaum Jr.